**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **(2) FABIAN DELGADO** | § | |
| **Petitioner,** | § | |
| | § | **Crim. No. MO-17-CR-0051-(2)-DC** |
| **v.** | § | **Civil No. MO-20-CV-00250** |
| | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO PETIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

Respondent United States would show the Court as follows:

## I. CASE STATUS

Pro se Petitioner Fabian Delgado (hereinafter, "Delgado") has filed a motion to vacate his "sentence" pursuant to 28 U.S.C. § 2255 (ECF No.78). We Oppose.

## II. PROCEDURAL HISTORY

On March 22, 2017, Delgado was charged by indictment, in the Western District of Texas, Midland-Odessa Division in cause number MO-17-CR-051, which charged Delgado with the offense of conspiracy to possess with intent to distribute fifty grams or more of actual methamphetamine, which is a violation of Title 21, U.S.C., Sections 846 and 841(a)(1) and 841(b)(1)(A). On May 18, 2017, Delgado entered a plea of guilty to count one, pursuant to a written plea agreement (ECF No.83). On August 16, 2017, the Honorable Senior U.S. District Judge Robert Junell sentenced Movant to a term of imprisonment of two hundred and sixty-two (262) months. The Court also sentenced Movant to a term of supervised release of five (5) years. Additionally, this Court ordered the Movant to pay a $100.00 special

assessment. On August 25, 2017, the Judgement was filed in cause number MO-17-CR-51(2) (ECF No.121).

On February 12, 2018, Delgado filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. On May 14, 2018 the United States filed a response to Delgado's § 2255 motion (ECF No.140). On June 2, 2018, Delgado filed a response to, the United States response (ECF No.141). On August 8, 2018, this Court granted in part and denied in part Delgado's § 2255 (ECF No.144).

On August 9, 2018, Delgado filed an Appeal (ECF No. 146). The Fifth Circuit affirmed the District Courts Judgment (ECF No.150 and the Writ of Certiorari was denied by the US Supreme Court (ECF No.151). Delgado filed a Motion for Extension of Time to file 2255 on July, 6, 2020 (ECF No.152). The Court dismissed Delgado's Motion to Extend Time on July 6, 2020 (ECF No. 153).

On October 26, 2020 Delgado filed a second Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 and a memorandum in support of the Motion to Vacate, Set Aside, or Correct a Sentence § 2255 (ECF No 154 and 155).

On April 12, 2017, the Court appointed Wayne N. Frost to represent Delgado. Mr. Frost represented Delgado throughout the plea and sentencing (ECF No. 51). The Court appointed John Andrew Kuchera to represent Delgado for his out-of-time direct appeal (ECF No.144). Delgado filed the instant motion Pro Se.

## III. PETITIONER'S CLAIMS

In the instant motion, Delgado raises two grounds. In ground one he raises multiple issues; denial of effective assistance of counsel and abuse of discretion by the sentencing court in

denying acceptance of responsibility points. In ground two Delgado alleges that the Government breached the plea agreement.

**IV. ARGUMENT AND AUTHERITIES**

Delgado's § 2255 motion must fail. Delgado has not shown that defense counsel was ineffective nor he shown that any alleged ineffective assistance of counsel prejudicial his case.

**STANDARD OF REVIEW FOR EFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**

"To prevail on an ineffective assistance of counsel claim a defendant must show 'both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.'" *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (*quoting United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). "It is insufficient for a defendant merely to prove that counsel's conduct was deficient; a defendant must have also been prejudiced by this ineffective legal assistance." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). Unless the defendant establishes both deficient performance and prejudice, the claim fails. *Id*.

"The first prong is only satisfied where the defendant shows that 'counsel's representation fell below an objective standard of reasonableness.'" *Strickland*, 466 U.S. at 687. To establish deficient performance, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.*

(*citing Strickland*, 466 U.S. at 688-689). The Fifth Circuit has explained that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martin v. Dretke,* 404 F.3d 878, 885 (5th Cir. 2005) (*citing United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "Given the almost infinite variety of possible trial techniques and tactics available to counsel," the Fifth Circuit has stated that it "will not second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

"[S]crutiny of counsel's performance must be highly deferential." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995), *citing Strickland*, 466 U.S. at 689. In explaining the "highly deferential" scrutiny to be afforded to the performance of counsel, the Supreme Court in *Strickland* stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "*might be considered sound trial strategy*." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689 (emphasis added). The *Strickland* Court further explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Id.* at 690.

**(A) Delgado's claims should be denied because they are conclusory, unsupported allegations.**

Delgado's 2255 motion should be denied as he fails to support any of his claims. The burden of proof rests on Delgado to show that he is entitled to relief and to allege more than just conclusory statements. See, *Williford v. Estelle*, 672 F.2d 552, 553 (5ht Cir. 1982), *cert. denied*, 459 U.S. 856 (1982). Even pro se Petitioners are required to allege more than mere conclusory statements. Conclusory statements, unsupported by factual allegations or proof to demonstrate prejudice, are insufficient to support a due process claim. *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cr.1979). Claims of ineffective assistance of counsel must identify specific acts and omissions of counsel. General statements and conclusory allegations are not sufficient. *Knighton v. Maggio*, 740 F.2d 1344, 1349-1350 (5th Cir.1984). The instant 2255 motion should be denied based on this alone. However, the Government additionally offers the following arguments.

**(1) Delgado claims his counsel provided constitutionally ineffective assistance by failing to file a requested notice of appeal.**

 In Delgado's motion, he claims that his attorney was ineffective for failing to file a requested notice of appeal (ECF No. 154 and 155). Delgado also made this exact claim in his first 2255 motion. *See* (ECF No. 132). The Court ruled that although Defendant waived his right to appeal, he demonstrated by a preponderance of the evidence that he was interested in appealing his case, and therefore granted Delgado an out-of-time appeal. *See* (ECF No. 144). This Court appointed John Andrew Kuchera to represent Delgado on his appeal and on August 9, 2018 a direct-on-time appeal was filed by Kuchera. Thus Defendant was granted relief and the Court should deny defendants claim.

**(2) Delgado claims the Sentencing Court abused their discretion by withholding acceptance of responsibility points**

Here Delgado states that he is solely contesting a sentencing issue although the plea

agreement he signed at the time of his plea prohibits such action. See Exhibit A (Plea agreement). The Government contends that Delgado waived his right to appeal and his claim should be denied. In order to determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, a Court must conduct a two step-inquiry: (1) whether the waiver is knowing and voluntary and (2) whether the waiver applies to the circumstances at hand based on the plain language of the agreement." " *United States v. Bond*, 414 F.3d 542, 544; See Also, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006), citing *Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 81 L.Ed.2d 437 (1984) and *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

On May 18, 2017, a plea agreement was filed, in cause number: M0-17-CR-51(2), in which Movant agreed to waive his right to appeal his sentence. A copy of the plea agreement has been marked and attached as Exhibit A. The plea agreement specifically informs the Court that: "By entering into this plea agreement, and as a term of this plea agreement, the Defendant voluntarily and knowingly waives any right to appeal the sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742." See plea agreement (Exhibit A), page 5. Furthermore, in the plea agreement, Delgado agreed that "[t]he defendant also voluntarily and knowingly waives the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255 ... " with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. See plea agreement (Exhibit A), page 5. Additionally, in the plea agreement, Delgado further agreed as follows: "I waive the right to challenge the sentence imposed, knowing that his sentence has not yet been determined by the Court....Realizing the uncertainty in estimating what sentence the Defendant will ultimately receive, the Defendant knowingly and voluntarily waives any

rights to appeal the sentence or contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this agreement" See plea agreement (Exhibit A), pages 5-6.

On May 18, 2017, Delgado appeared before the Court, to enter his plea of guilty, pursuant to the plea agreement (Exhibit A). Prior to entering his plea of guilty, Delgado was duly sworn and acknowledged that he understood he must answer the Court's questions truthfully. It is well settled that a defendant's solemn declarations in open court are presumed to be true, and normally a defendant may not recant sworn testimony at a plea proceeding. *United States v. Schydlower,* 132 F.3d 1106, 1110 (5th Cir. 1998); *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979).

After Delgado was sworn, the Court asked Delgado if he had reviewed the plea agreement with his attorney, and if he signed the plea agreement freely and voluntarily to which Delgado replied he had. The Court then reviewed the plea agreement with Delgado and Delgado acknowledged that he gave up the right to appeal his sentence, and he gave up his right to challenge his sentence in a post-conviction proceeding.

The Court then informed Delgado that he had a right to a jury trial but his right would be waived by pleading guilty, Delgado stated that he understood his rights and wished to waive them in order to enter his guilty plea. Among the rights Delgado acknowledged he understood, and was willing to waive knowingly and voluntarily, were the right to a trial by jury, and in the event of a trial, the right to make the Government prove its' case beyond a reasonable doubt, the right to be presumed innocent, the right to an acquittal if the Government did not prove its case, the right to confront witnesses, the right

to object to evidence or offer evidence, and the right to remain silent and not have that held against him. Movant advised the court that he was pleading guilty voluntarily and no one had threatened, coerced, or in any way forced him to enter his plea of guilty and no other promises, other than those contained in the plea agreement, had been made to him to induce him to plead guilty.

Delgado's attorney and the Government's attorney stated, and Movant admitted he was competent to enter a plea of guilty. Based upon Delgado's sworn responses the Court filed Findings of Pact and Recommendation on Felony Guilty Plea. (ECF No. 87)

Further this issue was raised by Defendant on appeal when he argued the appeal waiver provision in his plea agreement is invalid and therefore, he may argue on appeal that the district court erred in denying him a reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility (ECF No.150 Order Denying Appeal). The Fifth Circuit ruled that Delgado has not shown that the appeal waiver should not be enforced, and thus did not review any claims that are bared by the waiver. *See* Id. This Court's Judgement of conviction was affirmed.

Thus this Court should deny Delgado's claim for abuse of discretion for denying Defendant acceptance of responsibility points.

**(3) Delgado claims the Government breached the plea agreement**

Delgado claims that the appeal waiver should not be enforced because he received no consideration from the Government in return for pleading guilty under the plea agreement. The Government responds that Delgado's claim should be denied and relies on the Fifth Circuit's ruling on this very issue. (ECF No.150).

Delgado raised this very issue on appeal. The Fifth Circuit ruled that the courts are guided by general principles of contract law in construing plea agreements, *United States v. Story*, 439 F.

3d 226, 231 (5th Cir.2006) and have never expressly held that consideration is required to support a valid plea agreement, see *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir.1991). (ECF No.150). In the plea agreement, the Government promised to move for a one level reduction under § 3E1.1 (b) if the district court found that Delgado qualified for the two level reduction set forth in § 3E1.1 (a). However, the Government made no promises as to the reduction provided in §3E1.1 (a), including, inter alia to recommended it or not oppose it. Accordingly, the plea agreement did not restrict the arguments or evidence that the Government could present as to whether Delgado accepted responsibility under §3E1.1 (a). See *United States v. Cortez,* 413 F.3d 502, 503 (5th Cir. 2005). See (Ecf.No 150). Further, because the district court concluded that Delgado was ineligible for a two-level reduction under §3E1.1 (a) because he engaged in criminal activity while he was detained prior to his sentencing, the condition triggering the Government's obligation to move for an additional one-level reduction under §3E1.1 (b) was not fulfilled. Thus the Court found the Government did not breach the plea agreement. *See United States v. Cluff*, 857 F.3d 292, 299-300 (5th Cir. 2017).

Neither of Delgado's issues raised show that he is entitled to relief.

## V. EVIDNTIARY HEARING IS NOT REQUIRED

The record in this case is sufficient for the purpose of adjudication of Delgado;s claims and an evidentiary hearing is not necessary. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where Petitioner's allegations are affirmatively contradicted by the record." *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir.

1979), *cert. denied*, 450 U.S. 934 (1981).

## VI. CONCLUSION

FOR THESE REASONS, we urge the Court to summarily deny Delgado's § 2255 petition.

Respectfully Submitted,

GREGG N. SOFER
United States Attorney

By: /s/ Monica L. Daniels

MONICA L. DANIELS
Assistant United States Attorney
Western District of Texas
Midland-Odessa Division
400 W. Illinois, Suite 1200
Midland, Texas 79701
432-686-4110
432-686-4131 FAX
Florida Bar No.: 0115439

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was delivered via USPS, to Petitioner Fabian Delgado #46010-180, Mesquite South Unit, Federal Correctional Institution, P.O. Box 23811, Tucson, Arizona 85734 on December 16, 2020.

/s/ Monica L. Daniels

MONICA L. DANIELS
Assistant United States Attorney